IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CECIL W. PROCTOR                                                                           PLAINTIFF

v.                                          Civil No. 4:18-cv-04015

DOCTOR STEVEN FOLTZ, Miller
County Detention Center ("MCDC");
And NURSE STEVEN KING, MCDC[1]                                                DEFENDANTS

## MEMORANDUM OPINION

Before the Court is Defendants Steven Foltz and Steven King's Motion for Summary Judgment. (ECF No. 27). Plaintiff has filed a Response. (ECF No. 33). The Court finds this matter ripe for consideration.

## I. BACKROUND

This is a civil rights action filed *pro* se by Plaintiff, Cecil W. Proctor, under 42 U.S.C. § 1983. Plaintiff is currently incarcerated in the Arkansas Department of Correction, North Central Unit. Plaintiff's claims arise from alleged incidents that occurred between November 14, 2017, and November 18, 2017, while incarcerated in the Miller County Detention Center ("MCDC"). Viewed in the light most favorable to Plaintiff, the relevant facts are as follows.

Plaintiff was booked into the custody of the MCDC on November 14, 2017. (ECF No. 29-3, p. 1). Plaintiff arrived at the MCDC with a physician's order which continued his current medications as follows: Aspirin 81 mg PO QD; Amlodipine 10 mg PO QD; Famotidine 20 mg PO BID; Lisinopril 20 mg PO QD; Sulfatrim DS po x 9 days. (ECF No. 29-3, p. 10). Amlodipine and Lisinopril are blood pressure medications. At all times relevant, Southern Health Partners,

---
[1] Steven Foltz is incorrectly referenced in the case caption as "Doctor". He is a family nurse practitioner. (ECF No. 28).

Inc. was under contract with the MCDC to provide healthcare services to inmates housed there. King was a nurse practitioner employed by Southern Health Partners, Inc., and Foltz was a family nurse practitioner and contracted agent of Southern Health Partners, Inc. (ECF No. 28, p. 3).

On November 15, 2017, during the daily chronic care clinic, Plaintiff's blood pressure was 80/64. King notified Foltz of Plaintiff's low blood pressure and vitals. In response, Foltz ordered discontinuance of 10 mg of Amlodipine until further notice and "BP checks A2H today and to notify him of the results." (ECF No 29-3, p. 2). Plaintiff's blood pressure was checked twice later that day. Plaintiff's blood pressure was 90/70 at 7:00 p.m., and 100/72 at 10:30 p.m. (ECF No. 29-3, p. 17).

On November 16, 2017, Plaintiff was administered Lisinopril 20 mg at 8:00 a.m. as prescribed. His blood pressure reading was 108/72 at 8:45 a.m. On November 17, 2017, Plaintiff was administered his morning dose of Lisinopril 20 mg as prescribed. (ECF No. 29-1, p. 2). Later that morning, Plaintiff collapsed and was admitted to Wadley Regional Medical Center for syncope. Syncope is the sudden loss of consciousness, or fainting. Plaintiff was discharged from Wadley Regional Medical Center on November 18, 2017, with the diagnosis of hypotension, or abnormally low blood pressure. *Id.* Over the course of November and December of 2017, the nursing staff performed daily blood pressure checks on Plaintiff. (ECF No. 29-2, p. 2).

Plaintiff filed his Complaint on March 31, 2018. (ECF No. 1). Plaintiff alleges Defendants denied him adequate medical care when they "overmedicated" him causing his blood pressure to drop and loss of consciousness. Specifically, Plaintiff alleges:

> I was taken to Wadley [regional] medical Center, they ran test and Dr. Wong (attending physician Doctor) Told me my Blood pressure Was too Low, Miller County Nurse is at fault for over medicating me & having a near death experience. I was admitted to Wadley regional medical center overnight due to being over medicated between the Hours of [approximately] 9:00am and 11:00 am the morning

of Nov–17–2017…

(ECF No. 1, p. 5).  Plaintiff sues Defendants in their official and individual capacities and seeks compensatory and punitive damages.

On October 4, 2018, Defendants filed the instant Motion for Summary Judgment arguing they are entitled to summary judgment because: (1) they were not deliberately indifferent to Plaintiff's serious medical needs; and (2) no policy of Southern Health Partners, Inc. caused Plaintiff to suffer any unconstitutional harm.  (ECF Nos. 27; 28).  Plaintiff filed a Response to Defendants' motion reiterating his claim for denial of medical care and claiming Defendants also retaliated against him and charged him an unlawful co-pay for medical treatment.  (ECF No. 33).  The claims of retaliation and unlawful co-pay are not properly before this Court.[2]  Therefore, only the claim regarding inadequate medical care will be addressed.

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

---

[2] Plaintiff attempted to supplement and amend his Complaint on August 13, 2018, and again on August 21, 2018. (ECF Nos. 23, 25).  The Court denied each motion (ECF Nos. 24, 26) because the deadline to amend or supplement the pleadings set forth in the Initial Scheduling Order had passed.  (ECF No. 16).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

#### A. Denial of Medical Care

Plaintiff alleges Defendants denied him medical care while he was incarcerated in the MCDC when they "over medicated" him causing a sudden drop of his blood pressure.

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to the serious medical needs of prisoners. *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show he suffered from an objectively serious medical need, Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*,

4

638 F.3d 905, 914 (8th Cir. 2011) (internal quotation and citation omitted). In the instant case, Defendants do not dispute that Plaintiff's physical condition, hypotension, is a serious medical condition. Consequently, the question before the Court now becomes whether Defendants' actions, or lack thereof, rose to the level of a constitutional violation.

To establish the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation and citation omitted). Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Id.* A plaintiff must also show that an official "actually knew of but deliberately disregarded his serious medical need." *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006).

The summary judgment record establishes that the day after Plaintiff was booked into the MCDC his blood pressure was checked. King immediately informed Foltz that Plaintiff's blood pressure was low. Foltz decided to treat this condition by discontinuing Plaintiff's prescribed 10 mg of Amlodipine and ordering that Plaintiff's blood pressure be checked twice a day. During the next two days Plaintiff's blood pressure improved. On November 16, 2017, Plaintiff was administered Lisinopril 20 mg at 8:00 a.m. as prescribed. His blood pressure reading was 108/72 at 8:45 a.m. The next morning, the day Plaintiff passed out, medical records reflect that Plaintiff's medications were dispensed as prescribed. Other than Plaintiff's unsubstantiated allegations, there is no evidence to suggest that either Foltz or King deliberately disregarded Plaintiff's medical needs by giving him too much medication.

Even if the Court assumes *arguendo* that Defendants made a mistake with Plaintiff's medications, their mistake, at most, constitutes negligence. *See McClain v. Howard*, 2015 WL

6123063, *9 (W.D. Ark. Sept. 21, 2015) (finding that giving inmate wrong medication on occasion at most supports finding that officer was negligent). The law is well settled that to establish deliberate indifference, Plaintiff must show more than negligence or even gross negligence to establish a constitutional violation for denial of medical care. *See Popoalii*, 512 F.3d at 499. Accordingly, Defendants are entitled to summary judgment on Plaintiff's claim regarding denial of medical care.

### B. Official Capacity Claims

Plaintiff also sues Defendants in their official capacities. As previously stated, Southern Health Partners, Inc. contracted with the MCDC to provide medical care to the inmates. When a government contracts with a third party to fulfill a constitutional duty, such as providing medical care, official capacity claims against the third party's employees are treated as claims against the third party itself. *See Cannady v. Cradduck*, 2016 WL 4432704, at *1-2 (W.D. Ark. Aug. 18, 2016) (finding official capacity claims against employees of third-party medical provider are treated as claims against company because county contracted with company to provide healthcare to county prisoners). Thus, Plaintiff's official capacity claims against Defendants are claims against their employer or principal, Southern Health Partners Inc.

To sustain an official capacity claim against such an entity a plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *See Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (involving Section 1983 claim against prison medical provider); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993) ("[A] corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies."). Thus, Plaintiff's official capacity claims against Defendants are "functionally equivalent" to alleging that Southern Health Partners Inc, had "a policy, custom, or

6

[took an] official action" that deprived him of constitutionally adequate medical care. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010); *Johnson*, 452 F.3d at 973.

Upon examination, Plaintiff has failed to produce evidence of any policy or custom of Southern Health Partners, Inc. that contributed to the alleged violation of Plaintiff's constitutional rights. Accordingly, Defendants are entitled to summary judgment on Plaintiff's official capacity claims.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (ECF No. 27) should be and hereby is **GRANTED**. Accordingly, Plaintiff's claims are **DISMISSED WITH PREJUDICE**. A judgment of even date consistent with this opinion shall issue.

**IT IS SO ORDERED**, this 8th day of January 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge